**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
***Attorneys for Plaintiff and the Proposed Class***

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCETTE GOODWIN an individual, on behalf of herself, all others similarly situated, and the general public, | Case No.:  2:23-cv-147 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| WALGREENS, CO., an Illinois corporation, | |
| Defendant. | |

CLASS ACTION COMPLAINT

Plaintiff Joycette Goodwin ("Plaintiff"), on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby sues Walgreens, Co. ("Defendant") and, upon information and belief and investigation of counsel, alleges as follows:

## I.   INTRODUCTION

1.      Defendant makes, distributes, sells, and markets "Children's 12-Hour Cough Relief Cough DM," a cough suppressant product. Defendant sells two separate Cough DM products: one advertised for adults, and one advertised for children. The Cough DM product marketed for children ("Children's product" or "Product") is named "Children's" Cough DM, has an image of a cartoon child, explicitly states that it is "For children…" and assures parents that the product is safe for "Ages 4 & older". The Children's product's front label also states "Compare to Children's Delsym® active ingredient." The Cough DM product marketed for adults ("Adult's product") does not have the word "Children" anywhere on the front label, does not contain any image of a cartoon-like child or otherwise, and does not provide an age range. The Adult's product's front label also states "Compare to Delsym® active ingredient."

2.      These representations lead reasonable consumers to believe that the Cough DM product advertised for children is more suitable for children and the Cough DM product advertised for adults is suitable only for adults. Based on this reasonable belief, consumers are willing to pay more for the Children's product. Reasonable consumers are willing to pay more for the Children's Cough DM product because they want a product that is specifically formulated for children and is guaranteed to be safe for children to consume.

3.      The truth, however, is that the Children's Cough DM product has the exact same formula and ingredients as the Adult's Cough DM product. Defendant puts the same cough syrup into two different products with different labels. Consumers are being deceived and overcharged.

4.      Plaintiff read and relied upon Defendant's advertising when purchasing the Product and was damaged as a result.

5.      Plaintiff brings this action on behalf of herself and all other similarly situated consumers in the United States, alleging violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code

§§ 17200 *et seq*. ("UCL"), and False Advertising Law, *id*. §§ 17500 *et seq*. ("FAL"). Plaintiff brings further causes of action for breach of express and implied warranties, negligent misrepresentation, intentional misrepresentation/fraud, and quasi-contract/unjust enrichment.

6.     Plaintiff seeks an order compelling Defendant to (a) cease marketing the Product using the misleading and unlawful tactics complained of herein, (b) destroy all misleading, deceptive, and unlawful materials, (c) conduct a corrective advertising campaign, (d) restore the amounts by which it has been unjustly enriched, and (e) pay restitution damages and punitive damages, as allowed by law

## II.     JURISDICTION AND VENUE

7.     This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because more than two-thirds of the members of the Class reside in states other than the state of which Defendant is a citizen.

8.     The court has personal jurisdiction over Defendant. Defendant purposely availed itself to California because Defendant transacts, is registered to do business, and does business within this judicial district, and is committing the acts complained of below within this judicial district.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the injury in this case substantially occurred in this District. Defendant has intentionally availed itself of the laws and markets of this District through the promotion, marketing, distribution, and sale of the Product in this District, and is subject to personal jurisdiction in this District.

## III.     PARTIES

10.     Defendant Walgreens, Co. is an Illinois corporation with its principal place of business at 200 Wilmot Road, Deerfield, Illinois, 60015. Defendant is registered to do business in California as entity number 2857767. Defendant makes, labels, distributes, sells, and markets the Walgreens Cough DM products throughout the United States and in California. Defendant is responsible for the making, labelling, distribution, selling, and marketing of the Walgreens Cough DM products throughout the class period.

11.    Plaintiff Joycette Goodwin ("Plaintiff") is a resident of California and has purchased the Product for personal and household use and not for resale several times throughout the Class Period at a Walgreens store located at 1344 W Redondo Beach Blvd., Gardena, CA 90247. Plaintiff's most recent purchase of the Product was in 2021. Plaintiff saw the misrepresentations made on the Product label prior to and at the time of purchase and understood them as representations and warranties that the Product marketed for children was specially formulated for children, safe for children to consume, or otherwise uniquely suitable for children. Plaintiff relied on the representations made on the Product's label in deciding to purchase the Product. These representations and warranties were part of her basis of the bargain, in that she would not have purchased the Product, or would only have been willing to purchase the Product at a lower price, had she known the representations were false. Plaintiff would consider purchasing the Product again if the advertising statements made on the Product labels were, in fact, truthful and represented in a manner as not to deceive consumers.

## IV.    NATURE OF THE ACTION

### A.  Defendant Makes, Markets, Distributes, and Sells Walgreens Cough DM Products

12.    Defendant sells a Children's Cough DM product marketed for children and an adult's Cough DM product that is marketed for adults, both of which include an identical dosing cup.

13.    The Cough DM product marketed for children is labeled as "Children's Cough DM." The Children's product is labeled "Ages 4 & Older", "For children", and contains a cartoon image of a child. The front label of the Children's product also states "Compare to Children's Delsym® active ingredient."

14.    The Adult's Cough DM product is not marketed to children, provides no age range, has no cartoon-like image or illustration, and states "Compare to Delsym® active ingredient."

15.    True and correct copies of the front labels of the Children's Cough DM product and the Adult's Cough DM product are shown below:

//

//

 

16. The Children's product is listed in the "Children's Cough, Cold & Flu" category on Walgreens.com, while the Adult's product is listed in the "Adult Cold Remedies" category.

17. Below is a true and correct copy of a screenshot of the Children's Cough DM Product from Walgreens.com showing that the Children's product is listed under a "Children's Cough, Cold & Flu" category:

//

//

//

//

//

//

5

Home > Shop > Medicines & Treatments > Children & Baby's Health Care > Children's Cough, Cold & Flu





Walgreens

**Children's Cough DM 12 Hour Grape**  3.0oz

★★★★★  5.0 (1)

FSA

$ **13** 99

$4.66/oz.

Powered by my **W**

**Additional perks**

Buy 1, Get 1 50% OFF

25% off select regular priced FSA items with code FSA25

FREE gift offer

18.   Below is a true and correct copy of a screenshot of the Adult's Cough DM product from Walgreens.com showing that the Adult's product is listed under an "Adult Cold Remedies" category:

Home > Shop > Medicines & Treatments > Cough, Cold & Flu > Adult Cold Remedies





Walgreens

**Cough DM Liquid, 12-Hour Relief Grape**  3.0fl oz

★★★★☆  4.2 (21)

FSA

$ **10** 49

$3.50/oz.

Powered by my **W**

**Additional perks**

25% off select regular priced FSA items with code FSA25

FREE gift offer

| Select a count: | |
|---|---|
| 3 fl oz    $10.49 | ⌄ |

6

19.     A true and correct copy of the ingredient list and dosing chart for the Children's

Cough DM product is shown below:

## Drug Facts

### Active ingredient (in each 5 mL)          Purpose
Dextromethorphan polistirex equivalent to 30 mg
dextromethorphan hydrobromide.................Cough suppressant

### Uses temporarily relieves
■ cough due to minor throat and bronchial irritation as may occur
   with the common cold or inhaled irritants
■ the impulse to cough to help you get to sleep

### Warnings
**Do not use** if you are now taking a prescription monoamine
oxidase inhibitor (MAOI) (certain drugs for depression, psychiatric
or emotional conditions, or Parkinson's disease), or for 2 weeks
after stopping the MAOI drug. If you do not know if your
prescription drug contains an MAOI, ask a doctor or pharmacist
before taking this product.
**Allergy Alert:** Contains sodium metabisulfite, a sulfite that may
cause allergic-type reactions.

**Ask a doctor before use if you have**
■ chronic cough that lasts as occurs with smoking, asthma
   or emphysema
■ cough that occurs with too much phlegm (mucus)

**Stop use and ask a doctor if**
■ side effects occur. You may report side effects to FDA at
   1-800-FDA-1088.
■ cough lasts more than 7 days, cough comes back, or occurs
   with fever, rash or headache that lasts. These could be signs of
   a serious condition.

**If pregnant or breast-feeding,** ask a health professional before use.
**Keep out of reach of children.** In case of overdose, get medical
help or contact a Poison Control Center right away
(1-800-222-1222).  ▶

## Drug Facts (continued)

### Directions
■ **shake bottle well before use**
■ measure only with dosing cup provided
■ do not use dosing cup with other products
■ dose as follows or as directed by a doctor

| | |
|---|---|
| adults and children 12 years of age and over | 10 mL every 12 hours, not to exceed 20 mL in 24 hours |
| children 6 to under 12 years of age | 5 mL every 12 hours, not to exceed 10 mL in 24 hours |
| children 4 to under 6 years of age | 2.5 mL every 12 hours, not to exceed 5 mL in 24 hours |
| children under 4 years of age | do not use |

### Other information
■ **each 5 mL contains:** sodium 5 mg
■ store at 20° to 25°C (68° to 77°F)
■ dosing cup provided

### Inactive ingredients
artificial grape flavor, D&C Red #30 aluminum lake, FD&C
Blue #1 aluminum lake, glycerin, high fructose corn syrup,
methylparaben, polysorbate 80, polyvinyl acetate, povidone,
propylparaben, purified water, sodium metabisulfite, sodium
polystyrene sulfonate, sucrose, tartaric acid, tragacanth gum,
triacetin, xanthan gum

### Questions or comments? 1-800-719-9260

//
//
//
//
//
//
//
//
//

20.     A true and correct copy of the ingredient list and dosing chart for the Adult's Cough DM product is shown below:



### Drug Facts

#### Active ingredient (in each 5 mL)        Purpose
Dextromethorphan polistirex equivalent to 30 mg
dextromethorphan hydrobromide.................Cough suppressant

#### Uses temporarily relieves
■ cough due to minor throat and bronchial irritation as may occur with the common cold or inhaled irritants
■ the impulse to cough to help you get to sleep

#### Warnings
**Do not use** if you are now taking a prescription monoamine oxidase inhibitor (MAOI) (certain drugs for depression, psychiatric or emotional conditions, or Parkinson's disease), or for 2 weeks after stooping the MAOI drug. If you do not know if your prescription drug contains an MAOI, ask a doctor or pharmacist before taking this product.
**Allergy Alert:** Contains sodium metabisulfite, a sulfite that may cause allergic-type reactions.

**Ask a doctor before use if you have**
■ chronic cough that lasts as occurs with smoking, asthma or emphysema
■ cough that occurs with too much phlegm (mucus)

**Stop use and ask a doctor if**
■ side effects occur. You may report side effects to FDA at 1-800-FDA-1088.
■ cough lasts more than 7 days, cough comes back, or occurs with fever, rash or headache that lasts. These could be signs of a serious condition.

**If pregnant or breast-feeding,** ask a health professional before use.
**Keep out of reach of children.** In case of overdose, get medical help or contact a Poison Control Center right away (1-800-222-1222). ▶

### Drug Facts (continued)

#### Directions
■ shake bottle well before use
■ measure only with dosing cup provided
■ do not use dosing cup with other products
■ dose as follows or as directed by a doctor

| | |
|---|---|
| adults and children 12 years of age and over | 10 mL every 12 hours, not to exceed 20 mL in 24 hours |
| children 6 to under 12 years of age | 5 mL every 12 hours, not to exceed 10 mL in 24 hours |
| children 4 to under 6 years of age | 2.5 mL every 12 hours, not to exceed 5 mL in 24 hours |
| children under 4 years of age | do not use |

#### Other information
■ each 5 mL contains: sodium 5 mg
■ store at 20° to 25°C (68° to 77°F)
■ dosing cup provided

#### Inactive ingredients
artificial grape flavor, D&C Red #30 aluminum lake, FD&C Blue #1 aluminum lake, glycerin, high fructose corn syrup, methylparaben, polysorbate 80, polyvinyl acetate, povidone, propylparaben, purified water, sodium metabisulfite, sodium polystyrene sulfonate, sucrose, tartaric acid, tragacanth gum, triacetin, xanthan gum

#### Questions or comments? 1-800-719-9260

21.     As shown above, both the Children's and the Adult's Cough DM products contain the same amount of the same active and inactive ingredients.

22.     Both the Children's and the Adult's Cough DM products contain the following active ingredient: "Dextromethorphan polistirex equivalent to 30 mg dextromethorphan hydrobromide."

23.     Both the Children's and the Adult's Cough DM products also contain the following inactive ingredients: "artificial grape flavor, D&C Red # 30 aluminum lake, FD&C Blue # 1 aluminum lake, glycerin, high fructose corn syrup, methylparaben, polysorbate 80, polyvinyl acetate, povidone, propylparaben, purified water, sodium metabisulfite, sodium polystyrene

8

sulfonate, sucrose, tartaric acid, tragacanth gum, triacetin, xantham gum."

24.     The dosing instructions require children to consume less of the Product than adults. The Children's Cough DM would therefore be consumed at a slower rate than the Adult's Cough DM. For this reason, Defendant created and marketed one Product as specially formulated for children and that Product was sold at a premium. However, both the active and inactive ingredients listed on the back-label of both the Children's Cough DM product and Adult Cough DM product are identical in form and quantity.

**B. The Walgreens Cough DM Product Label is Misleading to Reasonable Consumers**

25.     Based on the different marketing and labeling on the front of the Adults' Walgreens Cough DM product and the labeling on the front of the Children's Cough DM product, reasonable consumers believe that there is something different about the Adults' Walgreens Cough DM product and the Children's Cough DM product that makes the Children's Product better suited or more appropriate for children.

26.     Defendant also failed to adequately disclose that the Children's Cough DM product is simply the Adult's Cough DM product sold at a higher price.

27.     Defendant's misrepresentations and omissions are misleading because the Children's product is the same as the Adult's product. Defendant then charges an inflated price for the Children's product.

28.     Per ounce, the Children's Cough DM product costs approximately three dollars more, or one dollar per ounce more, than the adult's Cough DM product. For example, Walgreens sells a 3.0 fl. oz. (89 mL) container of the Children's Cough DM product for $13.99, or $4.66/oz.[1] Walgreens sells a 3.0 fl. oz. (89 mL) container of the Adult's Cough DM product for $10.49, or $3.50/oz.[2] Walgreens also sells a 5.0 fl. oz. (148 mL) container of the Adult's Cough DM product

---

[1] https://www.walgreens.com/store/c/walgreens-children's-cough-dm-12-hour-grape/ID=prod6242972-product

[2] https://www.walgreens.com/store/c/walgreens-cough-dm-liquid,-12-hour-relief-grape/ID=prod6363807-product?skuId=sku6208416

for $10.99 or $2.20/oz.[3]

29.     Walgreens charges a premium for the Children's Cough DM product compared to the Adults' Walgreens Cough DM product for the same flavor and amount of fluid ounces. Yet, both the Children's and Adult's grape-flavored Walgreens Cough DM products contain the same amount of the same active and inactive ingredients. The only difference is that one is labeled and marketed for children, and one is marketed for adults.

30.     The Children's Cough DM product is not specially formulated for children. The Children's Cough DM product is identical to the Adult's Cough DM product. Yet, the Adult Walgreens Cough DM product costs less than the Children's Cough DM product. Defendant takes the same exact product and puts it in two different forms of packaging: one marketed for children, and one marketed for adults. Then, Defendant charges more for the product marketed for children. In short, Defendant tricks consumers into thinking they are buying a cough suppressant product specially formulated for children, when in reality, consumers are just buying Defendant's cough relief product for adults in a different packaging marketed for children.

31.     Consumers buy the Children's Cough DM product based on the belief that it is specially formulated for children and is guaranteed to be safe for children to consume. There is a reason that children have different medicine and are recommended to have different dosages of medicine than adults, and consumers that want to keep children safe rely on companies to not mislead them into paying more for products.

32.     No reasonable consumer who understood that the Children's Cough DM product was formulated identically to the Adult's Cough DM product would choose to pay more for it.

**C.  Plaintiff's Purchases, Reliance, and Injury**

33.     Plaintiff Joycette Goodwin purchased the Children's Cough DM product several times throughout the class period at a Walgreens store located at 1344 W Redondo Beach Blvd., Gardena CA 90247 in reliance on the Product's claims that the Product was specifically for children. Plaintiff's most recent purchase was in or around 2021 and the cost of the Product was

---

[3]https://www.walgreens.com/store/c/walgreens-cough-dm-liquid,-12-hour-relief-grape/ID=prod6363807-product?skuId=sku6308151

approximately $14.00.

34.    When deciding to purchase the Product, Plaintiff read and relied on the advertisement that the Children's Cough DM product was "For children," as well as the additional children-specific representations, which appear directly on the front label of the Product's label and packaging.

35.    Based on these representations, Plaintiff believed that the Product was specially formulated for children and bought it specifically for this reason.

36.    Plaintiff would not have purchased this Product if Plaintiff had known that the Product was, in fact, identical to the Cough DM product marketed for adults, which costs less than the Children's Cough DM product. Plaintiff paid a premium for this Product due to the misleading labeling on the Product's packaging. Had Plaintiff known the truth, Plaintiff could have purchased the same Product for less per ounce than Plaintiff paid.

37.    The representations on the Product's label were and are false and misleading, and had the capacity, tendency, and likelihood to confuse or confound Plaintiff and other consumers acting reasonably (including the putative Class) because, as described in detail herein, the Product is identical to the Cough DM product marketed to adults and is not specially formulated for children.

38.    Plaintiff acted reasonably in relying on the challenged claims that Defendant intentionally placed on the Product's label and packaging with the intent to induce average consumers into purchasing it.

39.    Plaintiff first discovered Defendant's unlawful acts described herein in January 2023, when she learned that the Children's product was identical to the Adult's product.

40.    Plaintiff, in the exercise of reasonable diligence, could not have discovered earlier Defendant's unlawful acts described herein because the violations were known to Defendant, and not to her throughout the Class Period defined herein.

41.    The Children's product costs more than the Adult's product without misleading labeling, and would have cost less absent the false and misleading statements.

42.    Plaintiff paid more for the Children's product, and would only have been willing to

pay less, or unwilling to purchase it at all, absent the false and misleading labeling statements complained of herein.

43.     For these reasons, the Product was worth less than what Plaintiff paid for it.

44.     Plaintiff would like to, and would consider, purchasing the Product again when she can do so with the assurance that the Product's label is truthful and consistent with the Product's ingredients.

45.     Plaintiff will be unable to rely on the Product's advertising or labeling in the future, and so will not purchase the Product again although she would like to.

46.     Plaintiff lost money as a result of Defendant's deceptive claims and practices in that she did not receive what she paid for when purchasing the Product.

47.     Plaintiff detrimentally altered her position and suffered damages in an amount equal to the premium she paid for the Product.

48.     The senior officers and directors of Defendant allowed the Product to be sold with full knowledge or reckless disregard that the challenged claims are fraudulent, unlawful, and misleading.

## V.    CLASS ACTION ALLEGATIONS

49.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks certification of the following Classes (or alternative Classes or Subclasses), for the time period from when the Children's Cough DM product first entered into the stream of commerce until the present ("Class Period"), as defined as follows:

**The Nationwide Class is defined as follows**:

> All U.S. citizens who purchased the Walgreens Children's Cough DM Product in their respective state of citizenship for personal and household use and not for resale during the Class Period.

**The California Subclass is defined as follows**:

> All California citizens who purchased the Walgreens Children's Cough DM Product in California for personal and household use and not for resale during the Class Period.

12

50.    The Classes and Subclasses described in this complaint will jointly be referred to as the "Class" or the "Classes" unless otherwise stated, and the proposed members of the Classes and Subclasses will jointly be referred to as "Class Members."

51.    Plaintiff and the Class reserve their right to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

52.    Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, Defendant's employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, including all parent companies, and their employees; and the judicial officers, their immediate family members and court staff assigned to this case.

53.    The members in the proposed Class are so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes the total number of Class members is at least in the hundreds and members of the Classes are numerous.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

54.    Pursuant to Rule 23(b)(2), Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief and damages as to the Product appropriate with respect to the Classes as a whole. In particular, Defendant has failed to disclose the true nature of the Product being marketed as described herein.

55.    There is a well-defined community of interest in the questions of law and fact involved, affecting the Plaintiff and the Classes and these common questions of fact and law include, but are not limited to, the following:

a.  Whether Defendant breached any express warranties made to Plaintiff and the Class;

b.  Whether Defendant breached any implied warranties made to Plaintiff and the Class;

13

c.   Whether Defendant violated other consumer protection statutes, false advertising statutes, or state deceptive business practices statutes;

d.   Whether Defendant engaged, and continues to engage, in unfair or deceptive acts and practices in connection with the marketing, advertising, and sales of the Product;

e.   Whether reasonable consumers are likely to be misled by Defendant's advertising and labeling of the Product;

f.   Whether the Product's challenged representations are material representations made to reasonable consumers;

g.   Whether the proposed class is suitable for class certification;

h.   The proper amount of restitution, damages, and punitive damages;

i.   The proper injunctive relief, including a corrective advertising campaign;

j.   The proper amount of attorneys' fees.

56.   These common questions of law and fact predominate over questions that affect only individual Class Members.

57.   Plaintiff's claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct. Specifically, all Class Members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Product, and suffered economic injury because the Product was and still is misrepresented. Absent Defendant's business practice of deceptively and unlawfully labeling the Product, Plaintiff and Class Members would not have purchased the Product, or would have paid less for it.

58.   Plaintiff will fairly and adequately represent and protect the interests of the Classes, has no interests incompatible with the interests of the Classes, and has retained counsel with substantial experience in handling complex consumer class action litigation.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the financial resources to do so.

59.   Plaintiff and the members of the Classes suffered, and will continue to suffer harm

as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Classes is impracticable.  Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

60.    Adjudication of individual Class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

61.    Defendant has acted on grounds applicable to the Class, thereby making appropriate final public injunctive and declaratory relief concerning the Class as a whole.

62.    As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violations of the Unfair Competition Law,**

**Cal. Bus. & Prof. Code §§ 17200 *et seq*.**

**(*on behalf of the California Class*)**

63.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

64.    California's Unfair Competition Law, Business and Professions Code §17200 (the

"UCL") prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendant has engaged in unfair, deceptive, untrue and misleading advertising, and continues to engage in such business conduct, in violation of the UCL.

65.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

**Fraudulent**

66.    A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

67.    As set forth herein, Defendant's claims relating to the Product are likely to mislead reasonable consumers to believe the Product is specially formulated for children or otherwise uniquely suitable for children.

68.    Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiff has suffered injury in fact as a result of Defendant's unfair conduct. Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff and the Class to public injunctive relief against Defendant, as set forth in the Prayer for Relief.

69.    Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

70.    Plaintiff also seeks an order for the disgorgement and restitution of the premium received from the sale of the Products the Class Members purchased, which was unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition, and attorneys' fees and costs.

**Unlawful**

71.    The acts alleged herein are ''unlawful" under the UCL in that they violate at least the following laws:

a.    By knowingly and intentionally concealing from Plaintiff and the other Class members that the Product was not specially formulated for children;

16

b.      By misrepresenting the nature of the Product as being specially formulated for children or otherwise uniquely suitable for children;

c.      By engaging in the conduct giving rise to the claims asserted in this complaint;

d.      By violating California Civil Code §§ 1709-1711 by making affirmative misrepresentations about the Product;

e.      By violating California Civil Code §§ 1709-1711 by suppressing material information about the Product;

f.      By violating the California Commercial Code for breaches of express and implied warranties.

g.      By violating California's Sherman Act, Cal. Health & Safety Code § 110390, which prohibits drug and cosmetics labelling that is "false or misleading in any particular";

h.      By violating the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and

i.      By violating the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

72.      Such conduct is ongoing and continues to this date.

73.      Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.

**Unfair**

74.      Defendant's acts, omissions, misrepresentations, practices and nondisclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  In the alternative, Defendant's business conduct as described herein violates relevant laws designed to protect consumers and business from unfair competition in the marketplace.  Such conduct is ongoing and continues to date.

75.      Defendant's conduct with respect to the labeling, advertising, and sale of the Product was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the Consumers Legal

Remedies Act, the False Advertising Law, and portions of the California Sherman Food, Drug, and Cosmetic Law.

76.     Defendant's conduct with respect to the labeling, advertising, and sale of the Product was and is also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

77.     Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Product to unwary consumers.

78.     Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Product's packaging. Thus, public injunctive relief enjoining Defendant's deceptive practices is proper.

79.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

80.     Classwide reliance can be inferred because Defendant's misrepresentations were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to buy the Children's Cough DM product.

81.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

82.     Plaintiff and the Classes were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased or would have paid less for the Children's Cough DM product if they had known the truth and (b) they overpaid for the Product because the Product is sold at a price premium due to the misrepresentations.

## SECOND CAUSE OF ACTION

### Violations of the False Advertising Law,

### Cal. Bus. & Prof. Code §§ 17500 *et seq*.

### (*on behalf of the California Class*)

83.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if

set forth in full herein.

84. The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

85. It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id.*

86. As alleged herein, Defendant falsely advertised the Children's Cough DM product by falsely representing that the Product was specifically formulated for children and safer for consumption by children, when in fact the Product is identical to the Adult's Cough DM product.

87. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendant's actions as set forth herein. Specifically, prior to the filing of this action, Plaintiff purchased the Product in reliance on Defendant's false and misleading labeling claims that the Product, among other things, was specially formulated for children or otherwise uniquely suitable for children.

88. Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Product in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

89. Defendant profited from its sale of the falsely and deceptively advertised Product to unwary consumers.

90. As a result, Plaintiff, the Class, and the general public are entitled to public injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

91. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the Class, seeks an order enjoining Defendant from continuing to engage in deceptive business

practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

## **THIRD CAUSE OF ACTION**

### **Violations of the Consumer Legal Remedies Act,**

### **Cal. Civ. Code §§ 1750 *et seq*.**

### (*on behalf of the California Class*)

92.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

93.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

94.     Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Product for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

a.     § 1770(a)(5): Representing that goods have characteristics, uses, or benefits which they do not have;

b.     § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade if they are of another;

c.     § 1770(a)(9): Advertising goods or services with intent not to sell them as advertised; and

d.     § 1770(a)(16): Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

95.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Product to unwary consumers.

96.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

97.     On January 9, 2023, Plaintiff sent a notice letter to Defendant's principal place of

business which complies with California Civil Code § 1782(a). Plaintiff sent Defendant individually and on behalf of the proposed Class, a letter via Certified Mail, demanding that Defendant rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and giving notice to all affected customers of its intent to do so. A copy of Plaintiff's January 9, 2023 CLRA letter is attached hereto as **Exhibit 1**.

98.     If Defendant does not take the corrective action described in Plaintiff's CLRA letter within 30 days, Plaintiff will amend this complaint to include a claim for damages. Until such time, this complaint seeks only injunctive relief for Defendant's violations of the CLRA and not damages under §§ 1770 and 1782.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranties,

### Cal. Com. Code § 2313(1)

### (*on behalf of all Classes*)

99.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

100.     Through the Product's label and advertising, Defendant made affirmations of fact or promises, or description of goods, described above, which were "part of the basis of the bargain," in that Plaintiff and the Class purchased the Product in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

101.     The foregoing representations were material and were a substantial factor in causing the harm suffered by Plaintiff and the Class because they concerned alleged valuation of the Product regarding its suitability for children.

102.     These representations had an influence on consumers' decisions in purchasing the Product.

103.     Defendant made the above representations to induce Plaintiff and the members of Class to purchase the Product. Plaintiff and the Class members relied on the representations when purchasing Defendant's product.

104.     Defendant breached the express warranties by selling a Product that was marketed

as specially formulated for children or otherwise uniquely suitable for children, when in fact, the Product was identical to the adult's Cough DM product.

105.    That breach actually and proximately caused injury in the form of the price premium that Plaintiff and Class members paid for the Product.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranties,

### Cal. Com. Code § 2314

### (*on behalf of all Classes*)

106.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

107.    Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Product, made representations to Plaintiff and the Class that, among other things, the Product was specially formulated for children or otherwise uniquely suitable for children.

108.    Plaintiff and the Class bought the Product manufactured, advertised, and sold by Defendant, as described herein.

109.    Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

110.    However, Defendant breached that implied warranty in that the Product was not specially formulated for children, and instead, was identical to the Adult's Cough DM product.

111.    As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that it did not conform to promises and affirmations made on the container or label of the goods.

112.    Plaintiff and Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Product's price premium.

## SIXTH CAUSE OF ACTION

### Negligent Misrepresentation

***(on behalf of all Classes)***

113.   Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

114.   Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Product because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

115.   During the applicable Class Period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Product, including that the Product was specially formulated for children or otherwise uniquely suitable for children.

116.   Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Product at a premium price.

117.   Defendant was careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiff and Class Members would be overpaying for a product that was identical to a lower-priced product.

118.   Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Product.

119.   Plaintiff and the Class Members would not have purchased the Product or paid as much for the Product if the true facts had been known.

## SEVENTH CAUSE OF ACTION

### Intentional Misrepresentation/Fraud

***(on behalf of all Classes)***

120.   Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

121.   Defendant had a duty to disclose to Plaintiff and Class Members correct

information as to the quality and characteristics of the Product because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

122.    During the applicable Class period, Defendant intentionally misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Product, including that the Product was specially formulated for children, safer to consume for children, or otherwise uniquely suitable for children. These representations were material and were uniformly made.

123.    As noted in detail above, these representations were false and misleading, as the Children's Cough DM product is identical to the Adult's Cough DM product. Defendant made these misrepresentations with actual knowledge of their falsity and/or made them with fraudulent intent.

124.    Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Product at a premium price, deprive Plaintiff and Class Members of property or otherwise causing injury, and thus, Defendant has committed fraud.

125.    Defendant's deceptive or fraudulent intent is evidenced by motive and opportunity. Defendant knew that children required a smaller dose of the Product than adults and that Cough DM cough syrup purchased for children would be purchased at a slower rate than Cough DM cough syrup purchased for adults. For that reason, Defendant offered a product that was marketed and advertised as specially formulated for children so Defendant could realize greater profits irrespective of whether consumers intended to purchase Cough DM products for children or adults. Defendant knew that consumers would place trust and confidence in its Product's claims and rely thereon in their purchase of the Product. In addition to Defendant's knowledge that the Product was not specially formulated for children and was not otherwise uniquely suitable for children, Defendant expressly represented that the Children's product was more suitable for children to consume and superior to the adult's Cough DM product when purchasing for children, and

generated great profit by instilling confidence in its consumer base that its claims were credible.

126.    Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Product.

127.    As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class were induced to purchase the Product at a premium.

128.    Plaintiff and the Class Members would not have purchased the Product or paid as much for the Product if the true facts had been known.

129.    As a result of their reliance, Plaintiff and Class Members were injured in an amount to be proven at trial, including, but not limited to, their lost benefit of the bargain and overpayment at the time of purchase.

130.    Defendant's conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in reckless disregard for the rights of Plaintiff and Class Members. Plaintiff and Class Members are therefore entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION

### Quasi-Contract/ Unjust Enrichment

### (*on behalf of all Classes*)

131.    Plaintiff and the Class Members re-allege and incorporate by reference each and every allegation set forth above, and further allege as follows:

132.    As alleged in detail above, Defendant's false and misleading labeling caused Plaintiff and the Class to purchase the Children's Cough DM product at a premium.

133.    In this way, Defendant received a direct and unjust benefit, at Plaintiff and the Class's expense.

134.    It would be unjust and inequitable for Defendant to retain the above-mentioned benefits. For example, Defendant was only able to charge a premium for the Children's Cough DM product by intentionally withholding information from Plaintiff, or otherwise misrepresenting the Product's qualities.

135.    Plaintiff and the Class seek restitution.

## VI.  **PRAYER FOR RELIEF**

136.  Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Defendant as to each and every cause of action, including:

a.  An order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and/or 23(b)(3);

b.  An order maintaining this action as a class action and/or an order maintaining a particular issue class action pursuant to Federal Rule of Civil Procedure 23(c)(4);

c.  An order requiring Defendant to bear the costs of class notice;

d.  An order appointing Plaintiff as the class representative and the Law Offices of Ronald A. Marron as Class Counsel;

e.  An order compelling Defendant to conduct a corrective advertising campaign;

f.  An order compelling Defendant to destroy all misleading and deceptive advertising materials and product labels, and to recall all offending Products;

g.  An order awarding disgorgement of Defendant's profits that were obtained from its ill-gotten gains in connection with its sales of the Product to Plaintiff and the class members;

h.  An order awarding restitution in the amount of the price premium paid by the class members for the Product;

i.  An award for punitive damages;

j.  An award of attorneys' fees and costs; and

k.  An order providing for all other such further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 10, 2023                    Respectfully Submitted,

                                        */s/ Ronald A. Marron*
                                        Ronald A. Marron

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN
*mike@consumersadvocates.com*
LILACH HALPERIN
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
***Counsel for Plaintiff and the Proposed Class***