Megan O'Neill (SBN 220147)
  moneill@dtolaw.com
T. Jean Mooney (SBN 211747)
  jmooney@dtolaw.com
DTO LAW
601 South Figueroa Street, Suite 2130
Los Angeles, CA 90017
Telephone:  (213) 335-6999
Facsimile:  (213) 335-7802

Erik P. Mortensen (SBN 326610)
  emortensen@dtolaw.com
DTO LAW
2400 Broadway, Suite 200
Redwood City, CA 94063
Telephone:  (415) 630-4100
Facsimile:  (415) 630-4105

Attorneys for Defendant
WALGREEN CO.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCETTE GOODWIN, an individual, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>WALGREENS, CO., an Illinois corporation,<br><br>Defendant. | Case No.: 2:23-cv-00147-DMG(PDx)<br>Honorable Dolly M. Gee<br><br>**DEFENDANT WALGREEN CO.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Date:   May 19, 2023<br>Time:   9:30 a.m.<br>Place:  Courtroom 8C |

238561.3

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ..................................................................... 1

II.  STATEMENT OF FACTS ........................................................ 2

III. ARGUMENT ............................................................................ 3

   A.  Plaintiff's Fraud-Based Claims Must Be Dismissed Because She Does Not Point to Any Actionable Misrepresentation or Omission on the Children's Product ................................................................. 3

      1.  Plaintiff fails to point to any false or misleading statement on the Children's Product label. ................ 4

      2.  Plaintiff's fraud-based claims also fail to the extent they are based on a fraudulent omission theory. ........................................................... 7

   B.  The Label of the Adult's Product, Which Plaintiff Neither Saw Nor Relied on in Purchasing the Children's Product, Is Entirely Irrelevant Here. ................. 9

   C.  Because the Label Is Entirely Accurate, Defendant's Decision to Charge Different Prices for the Children's Product and Adult's Product Is Not Justiciable. ............... 11

   D.  Plaintiff's Breach of Warranty Claims Under the California Commercial Code Fail. ....................................... 12

      1.  Plaintiff's express warranty claim fails because she has not plausibly alleged Defendant breached any actionable warranty. .......................................... 12

      2.  Plaintiff's implied warranty claim fails for the same reason her express warranty claim fails. .......... 13

   E.  Plaintiff's Common Law Fraud Claims Are Barred by the Economic Loss Rule. ....................................... 14

   F.  Plaintiff's Claim for Quasi-Contract or Unjust Enrichment Fails Because She May Not Pursue a Claim for Restitution. ............................................ 15

G.    Plaintiff's Assertion that She Will Not Purchase the Children's Product Again Precludes Her Request for Injunctive Relief. .......................................................... 16

H.    The Court Should Dismiss Without Leave to Further Amend. .............................................................................. 19

IV.    CONCLUSION ........................................................................ 20

CERTIFICATE OF COMPLIANCE ...................................................... 21

DEF.'S MEM. ISO MOT. TO DISMISS AM. CLASS ACTION COMPL.

238561.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>TABLE OF AUTHORITIES</u>

**Page(s)**

Cases

*Angiano v. Anheuser-Busch InBev Worldwide, Inc.,*
532 F. Supp. 3d 911 (C.D. Cal. 2021)................................................. 4, 6

*Barrett v. Optimum Nutrition,*
2022 WL 2035959 (C.D. Cal. Jan. 12, 2022)............................ 14, 15, 16

*Batista v. Irwin Nats.,*
2021 WL 6618543 (C.D. Cal. Sept. 27, 2021) ..................................... 18

*Bobo v. Optimum Nutrition, Inc.,*
2015 WL 13102417 (S.D. Cal. Sept. 11, 2015)................................... 5, 6

*Boris v. Wal-Mart Stores, Inc.,*
35 F. Supp. 3d 1163 (C.D. Cal. 2014)............................................ 11, 12

*C.W. v. Epic Games, Inc.,*
2020 WL 5257572 (N.D. Cal. Sept. 3, 2020) ........................................ 9

*Cafasso v. Gen. Dynamics C4 Sys.,*
637 F.3d 1047 (9th Cir. 2011)............................................................. 19

*Cheslow v. Ghirardelli Chocolate Co.,*
445 F. Supp. 3d 8 (N.D. Cal. 2020) ...................................................... 6

*City of Los Angeles v. Lyons,*
461 U.S. 95 (1983)............................................................................... 16

*Collins v. eMachines, Inc.,*
202 Cal. App. 4th 249 (2011) ............................................................... 8

*Cordes v. Boulder Brands USA, Inc.,*
2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) ........................... 16, 17, 18

*Dachauer v. NBTY, Inc.,*
913 F.3d 844 (9th Cir. 2019)................................................................. 4

*Dam v. Hodges,*
2019 WL 988682 (C.D. Cal. Jan. 9, 2019)........................................... 19

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006)................................................................. 7

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018)........................................................... 16, 17

*Delarosa v. Boiron, Inc.*,
   2012 WL 8716658 (C.D. Cal. Dec. 28, 2012)..................................... 17

*Ebner v. Fresh, Inc.*,
   838 F.3d 958, 966 (9th Cir. 2016)......................................................... 11

*Freeman v. Time. Inc.*,
   68 F.3d 285 (9th Cir. 1995)..................................................................... 4

*Gudgel v. Clorox Co.*,
   514 F. Supp. 3d 1177 (N.D. Cal. 2021) ................................................ 16

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ......................................... 13, 18

*Hairston v. S. Beach Beverage Co.*,
   2012 WL 1893818 (C.D. Cal. May 18, 2012)........................................ 4

*Hartwich v. Kroger Co.*,
   2021 WL 4519019 (C.D. Cal. Sept. 20, 2021) .................................... 10

*Hendricks v. StarKist Co.*,
   30 F. Supp. 3d 917 (N.D. Cal. 2014) ................................................... 13

*Hodsdon v. Mars, Inc.*,
   891 F.3d 857 (9th Cir. 2018)......................................................... 7, 8, 9

*LiMandri v. Judkins*,
   52 Cal. App. 4th 326 (1997)..................................................................... 8

*Lokey v. CVS Pharmacy, Inc.*,
   2020 WL 6822890 (N.D. Cal. Nov. 20, 2020)...................................... 11

*McKinnis v. Kellogg USA*,
   2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ....................... 3, 6, 12, 13

*Nowrouzi v. Maker's Mark Distillery, Inc.*,
   2015 WL 4523551 (S.D. Cal. July 27, 2015) ........................................ 6

*Reed v. Nat'l Football League*,
   2015 WL 13344625 (C.D. Cal. Dec. 18, 2015) ................................... 19

*Robinson Helicopter Co. v. Dana Corp.*,
   102 P.3d 268 (Cal. 2004) ............................................................. 14, 15

*Rutledge v. Hewlett-Packard Co.*,
   238 Cal. App. 4th 1164 (2015) ....................................................... 8

*S.M. Wilson & Co. v. Smith Int'l, Inc.*,
   587 F.2d 1363 (9th Cir. 1978) ......................................................... 14

*Sanchez v. Nurture, Inc.*,
   2022 WL 4097337 (N.D. Cal. Sept. 7, 2022) .................................... 10

*Sponchiado v. Apple Inc.*,
   2019 WL 6117482 (N.D. Cal. Nov. 18, 2019) .............................. 4, 5, 9

*Stewart v. Kodiak Cakes, LLC*,
   568 F. Supp. 3d 1056 (S.D. Cal. 2021) ........................................... 13

*Viggiano v. Hansen Nat. Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) ............................................. 12

*Wanxia Liao v. United States*,
   2012 WL 3945772 (N.D. Cal. Apr. 16, 2012) .................................. 19

*Weidenhamer v. Expedia, Inc.*,
   2015 WL 1292978 (W.D. Wash. Mar. 23, 2015) .............................. 16

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ............................................................ 4

*Workman v. Plum Inc.*,
   141 F. Supp. 3d 1032 (N.D. Cal. 2015) ............................................ 6

**Statutes**

Cal. Bus. & Prof. Code § 17200 ....................................................... *passim*

Cal. Bus. & Prof. Code § 17500 ....................................................... *passim*

Cal. Civ. Code § 1750 ...................................................................................... 3

Cal. Comm. Code § 2313(1) ......................................................................... 12

Cal. Comm. Code § 2314 .............................................................................. 12

DEF.'S MEM. ISO MOT. TO DISMISS AM. CLASS ACTION COMPL.

238561.3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Joycette Goodwin alleges she visited a Walgreens store to purchase cough medicine for a child.  She no doubt found the medicine where every parent goes to find medicine suitable for a child: the ***children's*** medicine aisle.  Plaintiff does not allege the medicine at issue, Walgreens-brand Children's 12-Hour Cough Relief Cough DM ("Children's Product"), was ineffective or unsuitable for a child.  She also does not contend the label contains any inaccurate information.

Instead, Plaintiff alleges that—even though the front label states "For children ***& adults***"—she believed it was specially formulated for children.  But the standard here is what the *reasonable* consumer would believe.  Plaintiff's tortured interpretation of the word Children's as meaning "uniquely for children" as opposed to "appropriate for children" is not even close to reasonable.  Because the label contains no false representations and plainly states it is for children ***and adults***, Plaintiff's fraud-based claims must fail.

What Plaintiff is really complaining about is the price of the Children's Product versus the Walgreens-brand 12-Hour Cough Relief Cough DM found in the adult aisle, which is not marketed to children.  But, as California courts have repeatedly held, manufacturers and retailers are allowed to charge whatever price they deem fit for a product.  They are also entitled to market products to different audiences.  The Court should thus decline Plaintiff's invitation to expand the reach of the UCL and CLRA to pricing complaints based on deception-free labels.

Because Plaintiff's lawsuit is based on untenable legal theories and was already amended once in response to Defendant's initial

1

1   Motion to Dismiss, the Court should dismiss the Amended Class Action

2   Complaint without leave to amend.

3   **II.   <u>STATEMENT OF FACTS</u>**

4   Plaintiff Joycette Goodwin purchased the Children's Product

5   multiple times at a Walgreens store in Gardena, California.  *See* Am.

6   Class Action Compl. ("ACAC") ¶ 39.  She did not purchase Walgreens-

7   brand 12-Hour Cough Relief Cough DM ("the Adult's Product").  *See*

8   ACAC ¶ 39 (alleging Plaintiff "purchased the Children's Cough DM

9   product" and that most recent purchase was "in or around 2021");

10  ACAC ¶ 45 (alleging Plaintiff "first discovered . . . that the Children's

11  Product was identical to the Adult's product" in January 2023).

12  The Children's Product is labeled as "Children's Cough DM" and

13  includes the following references to children on the front of the box: (1)

14  "Compare to Children's Delsym® active ingredient"; (2) "For children &

15  adults"; and (3) "Ages 4 & older."  ACAC ¶¶ 15, 17.



2

238561.3

Plaintiff does not identify a false representation on the Children's Product. Rather, she alleges that, because the Children's Product is called "Children's" Cough DM and depicts a cartoon child on the packaging, consumers are misled into believing that the Children's Product was "specifically formulated for children and safer for consumption by children, when in fact the Product is identical to the Adult's Cough DM product." ACAC ¶ 92. Defendant sells the Children's Product in a 3.0 fl. oz. size for $13.99 and sells the Adult's Product in the same size for $10.49. *See* ACAC ¶ 30.

Based on the above allegations, Plaintiff seeks to represent a nationwide class and a California subclass. On behalf of the putative California subclass, Plaintiff asserts claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"), and Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA). *See* ACAC ¶¶ 69-104. On behalf of both putative classes, Plaintiff asserts claims for breach of express warranty, breach of implied warranty, negligent misrepresentation, intentional misrepresentation and fraud, and quasi-contract and unjust enrichment. *See* ACAC ¶¶ 105-141.

## III.   ARGUMENT

### A.   Plaintiff's Fraud-Based Claims Must Be Dismissed Because She Does Not Point to Any Actionable Misrepresentation or Omission on the Children's Product

"[T]o state a claim under the UCL, FAL, or CLRA, Plaintiffs must allege that statements or other representations appearing on Defendant's product labels are likely to deceive a reasonable consumer." *McKinnis v. Kellogg USA*, 2007 WL 4766060, at *3 (C.D. Cal. Sept. 19,

2007) (citing *Freeman v. Time. Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). Where, as here, "a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Hairston v. S. Beach Beverage Co.*, 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012). For example, dismissal is proper "where 'the advertisement itself ma[kes] it impossible for the plaintiff to prove that a reasonable consumer [is] likely to be deceived.'" *Sponchiado v. Apple Inc.*, 2019 WL 6117482, at *3 (N.D. Cal. Nov. 18, 2019) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)). That is precisely the situation here.

1.      *Plaintiff fails to point to any false or misleading statement on the Children's Product label.*

To state a claim for intentional or negligent misrepresentation, a plaintiff must allege, among other things, "a misrepresentation of fact" and "justifiable reliance on the misrepresentation." *Angiano v. Anheuser-Busch InBev Worldwide, Inc.*, 532 F. Supp. 3d 911, 918 (C.D. Cal. 2021), *appeal dismissed*, 2021 WL 5315446 (9th Cir. Aug. 5, 2021). Under the UCL, FAL, and CLRA, a statement is actionable if it is either: (1) false or (2) "literally true, but . . . 'actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Dachauer v. NBTY, Inc.*, 913 F.3d 844, 846 (9th Cir. 2019) (citing *Williams*, 552 F.3d at 938). Plaintiff alleges neither.

Plaintiff identifies no false statements on the Children's Product packaging. The Children's Product is labeled as a children's cough suppressant. And, as Plaintiff appears to concede, children can safely consume this medication, which means it is in fact suitable "[f]or children & adults" or for "[a]ges 4 & older," as represented on the front label of the package. ACAC ¶¶ 15, 17.

DEF.'S MEM. ISO MOT. TO DISMISS AM. CLASS ACTION COMPL.

Likewise, Plaintiff identifies no representations on the front label of the Children's Product that are literally true but nevertheless misleading.  Plaintiff contends the front label misleads consumers into believing the Children's Product was specifically formulated for children because it says: (1) "Children's" Cough DM; (2) "For children . . ."; (3) "Ages 4 & older"; (4) "Compare to Children's Delsym® active ingredient"; and (5) "an image of a cartoon child."  ACAC ¶ 1.  But Plaintiff cannot base her statutory claims on "statement[s] that can only be misleading when the information surrounding [them] is ignored."  *Bobo v. Optimum Nutrition, Inc.*, 2015 WL 13102417, at *4 (S.D. Cal. Sept. 11, 2015); *see Sponchiado*, 2019 WL 6117482, at *3 ("Courts in this [C]ircuit have granted motions to dismiss after finding that the alleged advertisements include qualifying language which make the meaning of the representation clear.").

Here, two separate representations on the front label clearly indicate the Children's Product is suitable for both children and adults. First, the label represents the Children's Product as for "Ages 4 *& older*."  ACAC ¶ 17 (emphasis added).  Second, the label represents the Children's Product as "For children *& adults*."  ACAC ¶ 17 (emphasis added).[1]  Therefore, "[v]iewing only the information on the front of the label, stated in legible text, a reasonable consumer would not be deceived or confused into thinking" the Children's Product is formulated specifically for children.  *Bobo*, 2015 WL 13102417, at *5.  To be clear,

_____

[1] The opening paragraph of the Amended Complaint conveniently leaves out the full phrase on the label: "For children *& adults*."  *Compare* ACAC ¶ 1 (alleging the Children's Product says "For children . . .") *with* ACAC ¶ 17 (providing an image of the front label, which says "For children & adults").

DEF.'S MEM. ISO MOT. TO DISMISS AM. CLASS ACTION COMPL.

by "[i]gnoring legible and clear statements on the front of the label that dispel that the product" is only for children, Plaintiff "is viewing the product in an unreasonable manner." *Id.*[2]

The absence of any affirmative misrepresentation alone dooms Plaintiff's fraud-based claims. *See, e.g.*, *Angiano*, 532 F. Supp. 3d at 919 (dismissing misrepresentation claims where plaintiffs "failed to allege there was a misrepresentation of fact, or that any reliance was justifiable"); *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 20 (N.D. Cal. 2020) (dismissing false-advertising claims where "there [was] no affirmative statement of misrepresentation on the product label"); *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) ("Here, plaintiff's claim fails at the threshold. The products at issue do not display any affirmative misrepresentations. . . . No reasonable consumer would expect the size of the flavors pictured on the label to directly correlate with the predominance of the pictured ingredient in the puree blend."); *McKinnis*, 2007 WL 4766060, at *5 (dismissing negligent misrepresentation claim where "there [was] no false information on which to base a claim of negligent misrepresentation"); *Nowrouzi v. Maker's Mark Distillery, Inc.*, 2015 WL 4523551, at *8 (S.D. Cal. July 27, 2015) (dismissing intentional misrepresentation claim where "plaintiffs [could not] plausibly contend defendant

---

[2] While a consumer need not even reference the back of the Children's Product to determine it is suitable for both children and adults, the dosage chart on the back of the Children's Product is consistent with the "Ages 4 & older" and "For children & adults" statements on the front label: it provides dosage directions for "children 4 to under 6 years of age," "children 6 to under 12 years of age," and "adults and children 12 years of age and over." ACAC ¶ 21 (reproducing copy of ingredient list and dosing chart for Children's Product).

DEF.'S MEM. ISO MOT. TO DISMISS AM. CLASS ACTION COMPL.

1    intend[ed] to deceive consumers about the nature of its [bourbon-
2    making] processes when its label clearly describe[d] the process").[3]

3              2.      *Plaintiff's fraud-based claims also fail to the extent*
4                      *they are based on a fraudulent omission theory.*

5          The gravamen of Plaintiff's fraud claims is purported affirmative
6    misrepresentations, of which there are none.  Plaintiff may nevertheless
7    argue she has pleaded an omission-based claim based on two passing
8    references in the Amended Complaint.  *See* ACAC ¶ 28 (alleging
9    Defendant "failed to adequately disclose that the Children's Cough DM
10   product is simply the Adult's Cough DM product sold at a higher price");
11   ACAC ¶ 60 ("Defendant has failed to disclose the true nature of the
12   Product being marketed as described herein.").  Those too fail.

13         To state a viable claim for violation of the CLRA, FAL, and UCL
14   based on a fraudulent omission, the omission must be either (1)
15   "contrary to a representation actually made by the defendant" or (2) "an
16   omission of a fact the defendant was obliged to disclose."  *Hodsdon v.*
17   *Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018) (citing *Daugherty v. Am.*
18   *Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006)) (emphasis
19   omitted).  Neither condition is met here.

20         ***First***, as explained above, Plaintiff fails to adequately plead an
21   affirmative misrepresentation.  Nothing on the Children's Product
22   packaging states or even suggests the two products contain different
23   formulations.  In fact, the Children's Product contains no references to

24
25   [3] Plaintiff's intentional misrepresentation claim also fails because
26       Plaintiff has failed to plausibly plead that Defendant intends to
         deceive consumers into thinking the Children's Product is specially
27       formulated for children when the front label clearly states it is "For
         children & adults" and for "Ages 4 & older."  ACAC ¶ 17.
28

DEF.'S MEM. ISO MOT. TO DISMISS AM. CLASS ACTION COMPL.
238561.3

the Adult's Product.  Plaintiff thus has not pleaded Defendant's alleged omissions are "contrary to a representation" it "actually made." *Hodsdon*, 891 F.3d at 861.

*Second*, Plaintiff cannot show Defendant made "an omission of a fact the defendant was obliged to disclose." *Id.* (internal quotations and citation omitted).  An obligation to disclose arises only where the plaintiff pleads: (1) the omission was material, (2) the omission concerns a feature "central to the product's function," and (3) one of the four factors set forth in *LiMandri v. Judkins*, 52 Cal. App. 4th 326 (1997), is met.  *Id.* at 863.[4]

As relevant here, an alleged omission concerns a product's central function when the omitted information "renders [that] product[] incapable of use by any consumer." *Id.* at 864.  In *Hodsdon*, the Ninth Circuit considered whether a chocolate maker's failure to disclose child or slave labor in its supply chain was an actionable omission under California's consumer fraud statutes.  *Id.* at 859.  It concluded the plaintiff could not state a claim because he had not "sufficiently alleged that the defect in question—the existence of child labor in the supply chain—affect[ed] the central functionality of the chocolate products." *Id.* at 862.  Referring to *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249 (2011), and *Rutledge v. Hewlett-Packard Co.*, 238 Cal. App. 4th 1164 (2015), the court noted that when "[a] computer chip . . .

---

[4] The *LiMandri* factors, which need not be considered here given the second *Hodsdon* prong is not met, look to whether a defendant (1) is in a fiduciary relationship with the plaintiff; (2) "had exclusive knowledge of material facts not known to the plaintiff"; (3) "actively conceal[ed] a material fact from the plaintiff"; or (4) "[made] partial representations but also suppress[ed] some material facts."  52 Cal. App. 4th at 336.

1    corrupts a hard drive" or "a laptop screen [] goes dark," those kinds of
2    defects were central to those products' functions because they
3    "render[ed] those products incapable of use by any consumer." *Hodson*
4    891 F.3d. at 864.  In contrast, the *Hodsdon* plaintiff's claims were based
5    on his "subjective preferences about a product," which foreclosed his
6    CLRA, UCL, and FAL claims as a matter of law.  *Id.* at 864–65.  So too
7    here.

8          The function of the Children's Product is to suppress a cough.  Yet
9    Plaintiff has not alleged the Product label omits information relating to
10   this function*. See, e.g.*, *C.W. v. Epic Games, Inc.*, 2020 WL 5257572, at
11   *5 (N.D. Cal. Sept. 3, 2020) (video game's allegedly undisclosed non-
12   refundability terms not central to game's function).  Because no
13   amendment would cure this pleading defect, the Court should dismiss
14   Plaintiff's omission-based claims under the FAL, CLRA, and the UCL's
15   fraudulent and unlawful prongs, and for common law fraud without
16   leave to amend.

17   **B.    The Label of the Adult's Product, Which Plaintiff Neither**
18   **Saw Nor Relied on in Purchasing the Children's Product, Is**
19   **Entirely Irrelevant Here.**

20         To determine whether a reasonable consumer would be deceived
21   by the front label of the Children's Product, one needs to look at the
22   front label *of the Children's Product*.  *See Sponchiado*, 2019 WL
23   6117482, at *3 ("[T]he primary evidence in a false advertising case is
24   the advertising itself.") (citation omitted).  While much of the Amended
25   Complaint is dedicated to comparing the Children's Product and the
26   Adult's Product, the latter is irrelevant here.  Plaintiff's allegations
27   make clear she did not even see the Adult's Product, let alone rely on it,
28

prior to her multiple purchases of the Children's Product.[5]  *See* ACAC ¶ 39 (alleging most recent purchase was "in or around 2021"); ACAC ¶ 45 (alleging "first discovered . . . that the Children's Product was identical to the Adult's product" in January 2023); *see also* ACAC ¶ 42. A plaintiff cannot turn a product's entirely truthful label into a misleading one by comparing it to a different product, particularly one she neither purchased nor saw.  *Sanchez v. Nurture, Inc.*, 2022 WL 4097337, at *7 (N.D. Cal. Sept. 7, 2022) (dismissing false advertising claims where plaintiff alleged "fully truthful" statements on product were nevertheless misleading when compared to other products and holding reasonable consumer would not engage in the "many inferential leaps" underlying plaintiff's theory of liability), *reh'g denied* (Sept. 27, 2022).

Accordingly, dismissal of Plaintiff's UCL, FAL, CLRA, negligent misrepresentation, and intentional misrepresentation claims is proper. *See, e.g.*, *Hartwich v. Kroger Co.*, 2021 WL 4519019, at *5 (C.D. Cal. Sept. 20, 2021) ("In the context of label-based claims, dismissal at the pleadings stage is appropriate where the label itself is accurate and does not contradict other representations and inferences on the

---

[5] That Plaintiff did not see the Adult's Product when purchasing the Children's Product is not surprising given that medication suitable for children is sold in a ***different*** aisle than medicine for adults, just as these products are sold in separate categories on Walgreens.com.  *See* ACAC ¶ 18 ("The Children's product is listed in the 'Children's Cough, Cold & Flu' category on Walgreens.com, while the Adult's product is listed in the 'Adult Cold Remedies' category."); ACAC ¶ 19 (reproducing screenshot showing Children's Product listed under "Children's Cough, Cold & Flu" category on Walgreens.com); ACAC ¶ 20 (reproducing screenshot showing Adult's Product listed under "Adult Cold Remedies" category on Walgreens.com).

1  product's packaging, and 'no other words, pictures, and diagrams' on the

2  packaging create a misleading impression." (citing *Ebner v. Fresh, Inc.*,

3  838 F.3d 958, 966 (9th Cir. 2016))), *appeal dismissed*, 2022 WL 1401350

4  (9th Cir. Mar. 21, 2022).

5  **C.    Because the Label Is Entirely Accurate, Defendant's**

6  **Decision to Charge Different Prices for the Children's**

7  **Product and Adult's Product Is Not Justiciable.**

8  Given the label of the Children's Product is truthful, Plaintiff's

9  lawsuit boils down to a complaint about the pricing of the Children's

10  versus the Adult's Product.  But "a merchant's decision to charge

11  different prices is not justiciable unless there is some other deception."

12  *Lokey v. CVS Pharmacy, Inc.*, 2020 WL 6822890, at *4 (N.D. Cal. Nov.

13  20, 2020); *see also Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163,

14  1172 (C.D. Cal. 2014) ("[T]o the extent the state regulates prices, it does

15  so through the legislature and not through the courts because price

16  regulation is a quintessentially political question and thus

17  nonjusticiable."), *aff'd*, 649 F. App'x 424 (9th Cir. 2016)Stated

18  differently, a claim cannot be based on a price differential alone.

19  Instead, a plaintiff must identify something deceptive on the product

20  packaging. *See Lokey*, 2020 WL 6822890, at *4 ("[A]bsent deception

21  beyond the price differential, the plaintiff cannot challenge CVS's

22  pricing decisions.").  Plaintiff has not done so here.

23  "Taken to its logical conclusion, Plaintiff['s] [theory] requires the

24  judiciary to make pricing decisions, such as ruling that

25  pharmacologically identical drugs must be the same price or may have

26  only a limited price differential, or imposing liability for differential

27  pricing on a necessarily unpredictable case-by-case basis." *Boris*, 35 F.

28  Supp. 3d at 1172.  But how would the judiciary determine the

11

238561.3

acceptable boundaries of a price differential or take into account the multitude of factors involved in a manufacturer's decision to set a certain price?  To ask these questions merely demonstrates that such a result is "untenable" because "price regulation is a political question beyond the judiciary's authority." *Id.*

> **D.  Plaintiff's Breach of Warranty Claims Under the California Commercial Code Fail.**

Plaintiff also asserts claims for breach of express and implied warranties under California Commercial Code sections 2313(1) and 2314, respectively.  *See* ACAC ¶¶ 105-118.  Both claims fail.

> > *1.   Plaintiff's express warranty claim fails because she has not plausibly alleged Defendant breached any actionable warranty.*

Under California law, to state an express warranty claim, a plaintiff "must allege facts sufficient to show that Defendant made affirmations of fact or promises that became part of the basis of the bargain between the parties." *McKinnis*, 2007 WL 4766060, at *5. Here, Plaintiff alleges that Defendant "made affirmations of fact" that the Children's Product was "specially formulated for children or otherwise uniquely suitable for children." ACAC ¶¶ 106, 110.  But as demonstrated above, all of the challenged representations on the Children's Product are accurate.  *See supra*, § III.A.1.  Absent a representation by Defendant that the Children's Product was specially formulated for children, Plaintiff has failed to plausibly allege Defendant breached any express warranty.  *See Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 893-94 (C.D. Cal. 2013) ("As respects Viggiano's allegation that Hansen warranted that the beverage contained 'all natural flavors,' the court reiterates that this accurately

describes the product. . . . [Thus], Viggiano has failed adequately to allege that Hansen breached an express warranty that the drink contained all natural flavors."); *McKinnis*, 2007 WL 4766060, at *5 ("[T]he Froot Loops box contains no misrepresentations that the cereal contains fruit; . . . Absent a representation that Froot Loops contains actual fruit, Plaintiffs have failed to allege sufficient facts to make out a claim for breach of an express warranty, and their Fourth Cause of Action is therefore dismissed."); *cf. Stewart v. Kodiak Cakes, LLC*, 568 F. Supp. 3d 1056, 1061-62, 1070 (S.D. Cal. 2021) (treating consumer plaintiffs' breach of warranty claims as surviving or failing together with their false advertising claims for purposes of deciding a motion to dismiss).

### 2. *Plaintiff's implied warranty claim fails for the same reason her express warranty claim fails.*

Plaintiff alleges Defendant breached the implied warranty of merchantability "in that [the Children's Product] did not conform to promises and affirmations made on the container or label of the goods." ACAC ¶ 117.  Where, as here, "an implied warranty of merchantability cause of action is based solely on whether the product in dispute '[c]onforms to the promises or affirmations of fact' on the packaging of the product, the implied warranty of merchantability claim rises and falls with express warranty claims brought for the same product." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1106 (N.D. Cal. 2017) (*citing Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 933 (N.D. Cal. 2014)).  As demonstrated above, Plaintiff's express warranty claim fails because there is no representation on the Children's Product that it is specially formulated for children.  For the same reason, Plaintiff's implied warranty claim fails.  *See Hadley*, 243 F. Supp. at 1106 ("Above,

the Court held that the express warranty cause of action was insufficiently pled because it failed to differentiate which statements applied to which product. For the same reason, the Court also finds that the implied warranty of merchantability cause of action is insufficiently pled.").

### E. Plaintiff's Common Law Fraud Claims Are Barred by the Economic Loss Rule.

"The economic loss rule precludes tort claims for purely economic damages that are recoverable under contract." *Barrett v. Optimum Nutrition*, 2022 WL 2035959, at *4 (C.D. Cal. Jan. 12, 2022) (Gee, J.) (citing *S.M. Wilson & Co. v. Smith Int'l, Inc.*, 587 F.2d 1363, 1376 (9th Cir. 1978)). Here, Plaintiff alleges that she suffered only economic injuries as a result of Defendant's alleged negligent misrepresentation. *See* ACAC ¶ 125 ("Plaintiff and the Class Members would not have purchased the Product or paid as much for the Product if the true facts had been known."). Thus, the economic loss rule bars her negligent misrepresentation claim.

While "[f]raud-based claims can be exempted from the economic loss rule . . . the exception is 'narrow in scope and limited to a defendant's affirmative representations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss.'" *Barrett*, 2022 WL 2035959, at *4 (citing *Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 276 (Cal. 2004)). Here, the basis of Plaintiff's fraud claims is the alleged omission that the "[Children's] Product was specially formulated for children or otherwise uniquely suitable for children," ACAC ¶¶ 121, 128, which "induce[d] Plaintiff and Class Members to purchase the Product at a premium price," ACAC ¶¶ 122, 130. Because the fraudulent conduct

alleged is identical to that alleged in Plaintiff's breach of express warranty claims, the narrow exception to the economic loss rule does not apply.  *See, e.g.*, ACAC ¶¶ 110-11 (alleging breach of express warranties "by selling a Product that was marketed as specially formulated for children or otherwise uniquely suitable for children" which "caused injury in the form of the price premium that Plaintiff and Class members paid for the Product").  For this reason, Plaintiff's negligent and intentional misrepresentation claims should be dismissed.  *See Barrett*, 2022 WL 2035959, at *4 (dismissing negligent misrepresentation claim where alleged fraudulent conduct was "entirely based in contract" and "[t]here [were] no misrepresentations alleged independent of that breach"); *id.* (dismissing fraud and intentional misrepresentation claims "[b]ecause the economic loss rule applies with equal force to [them]").

Furthermore, the exception to the economic loss rule is also inapplicable because Plaintiff was not exposed to "liability for personal damages independent of the plaintiff's economic loss."  *Robinson Helicopter*, 102 P.3d at 274.

F.    **Plaintiff's Claim for Quasi-Contract or Unjust Enrichment Fails Because She May Not Pursue a Claim for Restitution.**

Plaintiff also asserts a claim for quasi-contract or unjust enrichment "seek[ing] restitution."  ACAC ¶ 141.  But "[u]njust enrichment is not an independent cause of action under California law," and "is treated as a quasi-contract claim for restitution."  *Barrett*, 2022 WL 2035959, at *6.  Here, Plaintiff seeks restitution under her UCL and FAL claims, but those claims fail as a matter of law.  *See supra*, § III.A.  Thus, "[b]ecause restitution is not an available remedy, . . .

1   Plaintiff's unjust enrichment claim must also be dismissed." *Barrett*,

2   2022 WL 2035959, at *6. [6]

3       **G.**   **Plaintiff's Assertion that She Will Not Purchase the**

4                 **Children's Product Again Precludes Her Request for**

5                 **Injunctive Relief.**

6        "Where standing is premised entirely on the threat of repeated

7   injury, a plaintiff must show 'a sufficient likelihood that [s]he will again

8   be wronged in a similar way.'" *Davidson v. Kimberly-Clark Corp.*, 889

9   F.3d 956, 967 (9th Cir. 2018) (citing *City of Los Angeles v. Lyons*, 461

10   U.S. 95, 102, 111 (1983)).  Indeed, "[a] false advertising plaintiff who

11   does not intend to purchase from the defendant in the future cannot

12   seek injunctive relief." *Cordes v. Boulder Brands USA, Inc.*, 2018 WL

13   6714323, at *4 (C.D. Cal. Oct. 17, 2018) (quoting *Weidenhamer v.*

14   *Expedia, Inc.*, 2015 WL 1292978, at *5 (W.D. Wash. Mar. 23, 2015)).

15   Such is the case here.

16        In the Complaint, Plaintiff seeks injunctive relief requiring

17   Walgreens to "conduct a corrective advertising campaign" and "destroy

18   all misleading and deceptive advertising materials and product labels,

19   and to recall all offending Products."  ACAC ¶¶ 142(e)-(f).  Although

20   Plaintiff alleges she "would like to, and would consider, purchasing the

21   Product again when she can do so with the assurance that the Product's

22   _____

23   [6] Plaintiff's quasi-contract / unjust enrichment claim also fails for the
    same reason as her California fraud-based statutory claims.  *See*

24       *Gudgel v. Clorox Co.*, 514 F. Supp. 3d 1177, 1188 (N.D. Cal. 2021) ("As
    to unjust enrichment, Clorox argues that plaintiff 'does not identify

25       any independent theory of unjust enrichment' that does not rise or fall
    with her statutory claims. The court agrees, and finds that plaintiff's

26       failure to identify an actionable deception in the context of the
    'reasonable consumer' test also requires the dismissal of her unjust

27       enrichment claim."); *see also supra*, § III.A.

28

label is truthful and consistent with the Product's ingredients," ACAC ¶ 50, she also alleges: "Plaintiff will be unable to rely on the Product's advertising or labeling in the future, and so ***will not purchase the Product again*** although she would like to," ACAC ¶ 51 (emphasis added). Having conceded she will not purchase the Children's Product in the future, there is no "'likelihood that [Plaintiff] will again be wronged in a similar way.'" *Davidson*, 889 F.3d at 967 (citation omitted). "Thus, she does not have Article III standing to seek injunctive relief because there is no 'threat of future injury' that could be redressed by injunctive relief." *Delarosa v. Boiron, Inc.*, 2012 WL 8716658, at *4 (C.D. Cal. Dec. 28, 2012) (citation omitted).

Moreover, Plaintiff's claim for injunctive relief is not saved by the Ninth Circuit's recognition in *Davidson* that "[i]n *some* cases, the threat of future harm *may* be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Davidson*, 889 F.3d at 969-70 (emphasis added). [7] Though Plaintiff uses this language verbatim in her Complaint, *see* ACAC ¶ 51, she has not included any plausible allegations to support this supposed threat of future harm. Indeed, her knowledge that the Children's Product and Adult's Product are "identical," ACAC ¶ 45, renders it implausible she will be misled by the challenged representations in the future and once

---

[7] *Davidson* is distinguishable because "[t]he nature of the deception that Plaintiff alleges here is quite different from the deception in *Davidson*." *Cordes*, 2018 WL 6714323, at *4. "*Davidson*, and the other cases cited in that opinion, involved situations where the plaintiff could not easily discover whether a previous misrepresentation had been cured without first buying the product at issue." *Id.*

again buy the Children's Product believing it was formulated differently than the Adult's Product.  In other words, Plaintiff need not buy the Children's Product again to discover whether the Children's Product and Adult's Product are the same; she can simply read and compare the ingredient lists on the back panels of the products.  *See, e.g.*, *Batista v. Irwin Nats.*, 2021 WL 6618543, at *4 (C.D. Cal. Sept. 27, 2021) (Gee, J.) (dismissing prayer for injunctive relief for lack of standing: "Now that Plaintiff knows that ginkgo extract does not provide cognitive benefits, she will know that any statements advertising ginkgo's benefits are false. . . . Plaintiff now need not purchase the product to know whether statements promoting gingko are false."); *Cordes*, 2018 WL 6714323, at *4 (holding plaintiff lacked standing to seek injunctive relief where "Plaintiff ha[d] not adequately explained why he [would] be deceived by slack-fill in the future, now that he knows that he can easily determine the number of pretzels in each package by simply reading the label"). Because Plaintiff "cannot reasonably be deceived again by [the challenged] statements," she lacks standing to seek injunctive relief. *Batista*, 2021 WL 6618543, at *4.[8]

---

[8] In addition, because any injunctive relief ordered by the Court will not change the price of the Children's Product, Plaintiff cannot plausibly allege she intends to purchase the Children's Product again at the "inflated price[.]"  ACAC ¶ 29; *cf. Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1108 (N.D. Cal. 2017) ("[T]he *Lilly* holding does not address situations where a plaintiff alleges that he or she would only 'consider' purchasing the products if they are 'appropriately priced.' An injunction on Defendant's food labeling practices might prevent a plaintiff from consuming a mislabeled product, but the Court has no control over whether the price of a product will be changed to an 'appropriate' level. . . . Therefore, the Court finds Plaintiff's allegation for standing [for injunctive relief] to be insufficient.").

DEF.'S MEM. ISO MOT. TO DISMISS AM. CLASS ACTION COMPL.
238561.3

**H.     The Court Should Dismiss Without Leave to Further Amend.**

"While leave to amend should generally be liberally granted, courts have the discretion to deny leave to amend for futility of amendment." *Reed v. Nat'l Football League*, 2015 WL 13344625, at *3 (C.D. Cal. Dec. 18, 2015) (Gee, J.) (citation omitted), *aff'd*, 683 F. App'x 619 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1610 (2018). "Further, the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotations omitted).

Here, any amendment would be futile.  In response to Defendant's Motion to Dismiss, which raised the same arguments as the instant motion, Plaintiff amended—but changed almost nothing.  The Amended Class Action Complaint is thus nearly identical to the initial Complaint and just as deficient.[9]  Plaintiff cannot cure these pleading defects given her claims are based on faulty legal arguments.  Therefore, the Court should dismiss the Amended Class Action Complaint without leave to further amend.  *See, e.g.*, *Dam v. Hodges*, 2019 WL 988682, at *3 (C.D. Cal. Jan. 9, 2019) (Gee, J.) (denying leave to amend because counter-plaintiff already amended once and "the initial and amended Counterclaims [we]re almost identical"); *Wanxia Liao v. United States*, 2012 WL 3945772, at *6 (N.D. Cal. Apr. 16, 2012) (finding leave to

---

[9] The only new substantive allegations are those comparing children's and adult's versions of different products not at issue in this case.  *See* ACAC ¶¶ 35-38.  These new allegations do not identify any actionable misrepresentation or omission on the Children's Product.  Nor do they defeat or rebut any of the myriad other reasons for dismissal.

amend would be futile because plaintiff already amended and still made insufficient allegations).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Amended Class Action Complaint without leave to further amend.


Dated: April 7, 2023                    DTO LAW

                                        By:  */s/ Megan O'Neill*
                                             Megan O'Neill
                                        Attorney for Defendant
                                        WALGREEN CO.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Walgreen Co., certifies that this memorandum does not exceed 25 pages and contains 5357 words, in compliance with the page limit of Rule 4(c) of the Initial Standing Order (ECF No. 1) and the word limit of Local Rule 11-6.1.

Dated: April 7, 2023                    By:  */s/ Megan O'Neill*
                                             Megan O'Neill

238561.3